NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-045-HRW

DONALD LOWE                                                      PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY                                                      RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court on Donald Lowe's *pro se* Petition for Writ of Habeas Corpus,
pursuant to 28 U.S.C. § 2241, the Respondent now having filed a Response urging the Court to deny
the Petition.  After expediting its consideration of this case,[1] the Court has decided to transfer the
matter for the reasons set forth below.

## BACKGROUND

The instant habeas action was filed on June 3, 2009.  Upon screening Lowe's Petition, on
July 1, 2008, the Court issued an Order summarizing the allegations and claims as follows:

> Petitioner was prosecuted in the United States District Court for the Southern
> District of West Virginia, in *United States v. Lowe*, S.D. W.Va. No. 15-cr-00061.
> Copies of documents from that criminal proceeding show that on April 6, 2005, he
> pled guilty to [a two-count information,] Count One, distribution of hydromorphone,
> in violation of 21 U.S.C. § 841(a)(1), and Count Two, use and carrying a firearm [a
> Harrington and Richardson Topper model 88, single shot shotgun] during and in
> relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

---

[1]  While the time was running for the warden to file a Response, the Petitioner submitted two "notices"
informing the Court of his wife's deteriorating medical condition.  In the latest, he states that her cancer is terminal.
Record Nos. 7-8.  This Court was able to and did expedite its consideration of the claims in the Petition, but as the
Respondent points out, compassionate release is not available as a remedy herein.

According to Petitioner's affidavit his "plea of guilty and conviction for Count Two was based entirely on my receipt of firearms in exchange for the drugs which formed the basis for Count One." Exhibit [hereinafter "Ex."] 6. This allegation is consistent with the facts set out in his lawyer's Section 3553(a) Sentencing Memorandum [Ex. 5], which was filed in Lowe's criminal proceeding.

On June 27, 2005, Petitioner was sentenced to 12 months' imprisonment on the first count, to be followed consecutively with a term of 60 months on Count 2, for a total of 72 months' imprisonment. The docket from that case (Ex. 3) does not show any appeal of his conviction or sentence; nor does it reflect the filing of a Motion to Vacate, Alter or Amend that Judgment pursuant to 28 U.S.C. § 2255.

Two and one half years later, the Supreme Court of the United States decided *Watson v. United States*, 552 U.S. 74 (December 10, 2007). In *Watson*, the Supreme Court held that "receiving" a firearm as payment for drugs does not constitute "use" of the firearm as that term is used in 18 U.S.C. § 924(c). When a defendant had only *received* the firearm in payment for drugs, he was not engaging in criminal conduct, and therefore, conviction for *use* of a firearm under Section 924(c) could not stand.

The instant Petitioner claims that under *Watson*, he is actually innocent of the firearms charge and is, therefore, entitled to release. Further, a 28 U.S.C. § 2241 habeas proceeding in this district, where he is incarcerated, is the proper vehicle to obtain habeas relief. He relies on a successful Section 2241 Petition and Final Order granting such relief in *Roger R. Collins v. S. Marler, Acting Warden*, No. 2:08-CV-01031 (S.D. W.Va. Aug, 29, 2008) . . . [purportedly] presenting facts and legal claims "identical" to Lowe's herein and obtaining release). Ex. 1.

Record No. 5. The Court's Order concluded with directions to the Clerk to serve the Petition on the Respondent.

## RESPONSE

Lowe's warden has now responded, contending that the Petitioner is not entitled to habeas relief and urging that the petition be denied on several grounds.

Respondent first argues that the plea agreement should be treated as a contract, voluntarily and intelligently entered into pursuant to negotiation, the Petitioner thereby waiving a collateral attack. The Respondent attaches copies of the information, plea the agreement, and the full

2

transcript of Lowe's plea hearing.  As the defendant and government mutually benefitted, he argues, that agreement should not now be collaterally attacked.  "Petitioner wishes to have it both ways, the benefit of a negotiated reduced sentence on the First Count of the Information  and a collateral attack on the Second Count of the Information."  The government also suggests that if Lowe is able to overturn the sentence on the second count, "fairness dictates that Petitioner should at least be resentenced with respect to the first Count of the Information."

Second, the Respondent points out that the Supreme Court has not made its *Watson* decision retroactive to cases on collateral review.  The warden describes *Watson* as not a new rule of constitutional law, but a mere "clarification" of the word, "use," and he points to holdings to this effect in two District Courts in 2008.

Respondent also charges that the Petitioner cannot meet the requirements for relief under Sixth Circuit and Supreme Court law.  Even were the matter properly before this Court pursuant to Section 2241, based on *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), he would not be entitled to habeas relief because he is not actually innocent of criminal conduct as described in *Bousley v. United States*, 523 U.S. 614 (1998).  The Respondent quotes from Lowe's admissions in the plea hearing, his presentence report ("PSR") and a memorandum written for the PSR (both are in the clerk's office under seal), and *Bousley v. United States*, 523 U.S. 614 (1998), where the Court wrote that "'actual innocence' means factual innocence, not mere legal insufficiency."  *Id.* at 623.

Also, the Respondent argues, Petitioner's showing of actual innocence must extend to any more serious charges which the government abandoned in the course of negotiating the information and plea agreement.  He contends that the Petitioner engaged in more drug trafficking than what was

negotiated at that time.  Further, if this claim is remanded to the trial court, then Lowe may then be subject to a "possession" charge under the same statute today.

For these reasons and with supporting cases attached, the Respondent requests denial of Lowe's Petition.

## DISCUSSION

In its screening Order, the Court explained that it may undertake to decide a matter relating to a prisoner's conviction or sentence under its Section 2241 jurisdiction -- but only if the Petitioner shows that (1) his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention, the Court citing 28 U.S.C. § 2255(e) and *Charles v. Chandler*, 180 F.3d at 755-56; and (2) his claim is one of actual innocence, that is, the Petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal, as described in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).  The Court cited two cases wherein petitioners were found to have been entitled to relief under *Watson* via Section 2241 proceedings in the district of confinement.

The Court now revisits the results and rationales in these cases, as well as examining the case law which the Respondent cites.  First, with regard to *Collins*, upon which Lowe relies, the Respondent has distinguished that case from the instant case, based on how the convictions were obtained.  Petitioner Collins went through the indictment and trial process before a jury found him guilty of the firearms charge; he did not enter into a negotiated plea agreement, as the instant Petitioner did.

It is true that with regard to cases in which the Petitioners have specifically waived any appeal and/or collateral challenge in a plea agreement, the parties have, indeed, been bound to those promises.  The Courts do not reach the merits of the prisoner's entitlement to have a conviction set

4

aside so long as it determines that the plea was knowingly entered into and the defendant was not

mentally impaired.  *See e.g.*, *United States v. Meeks*, 290 Fed.Appx. 896 (6th Cir. 2008).

However, in the instant case, Lowe's agreement did not include a promise not to appeal or

collaterally attack his conviction or sentence.  To the contrary, the sole mention of appeal rights

reads as follows:

> 10.  APPEAL OF FINE.  The United States and Mr. Lowe agree that neither
> will seek appellate review of any order of the District Court imposing a fine unless
> the fine imposed is in excess of the range provided for the offense of conviction by
> the United States Sentencing Guidelines.

Exhibit 1, p. 6.  By negative inference, then, the parties did not promise to relinquish any of their

rights to other remedies.  All of the remedies which were not waived were retained.  So the words

of the plea agreement at issue herein do not foreclose the instant action.

Moreover, it is clear that some of the relevant cases attached to the Response were Section

2241 proceedings challenging convictions which were obtained by plea agreements.  *Massey v.

Scibana*, 211 F.3d 1269, 2000 WL 571918 (6th Cir. 2000) (unpublished), and *Thompson v. United

States*, 211 F.2d 1270, 2000 WL 571952 (6th Cir. 2000) (unpublished), both had plea agreements but

neither was dismissed by the District Court merely because a valid plea agreement existed.  Rather,

the Section 2241 Court in the district where the prisoner was confined examined its jurisdiction

under the savings clause of 28 U.S.C. § 2255, found in § 2255(e).  The initial question was/is

whether the convict's remedy by a Section 2255 motion to the trial court is "inadequate or

ineffective" to test the legality of his detention.  § 2255(e).

As this Court discussed *infra* at page 3-4, a Petitioner must show that his or her remedy by

a Section 2255 motion is inadequate or ineffective for entertaining his claim and additionally, that

he or she is actually innocent.  In both *Massey* and *Thompson*, the District Courts found that the

Petitioners had failed to meet either of these requirements for such use of Section 2241 jurisdiction, and the Sixth Circuit affirmed the dismissals of their Section 2241 proceedings.

As to the first of the requirements in the case *sub judice*, this Court already found in its screening Order that Lowe's remedy by Section 2255 motion is inadequate and ineffective to test the legality of his continued detention on the firearms sentence because the one-year statute of limitations for filing a Section 2255 motion expired years ago, before the *Watson* Case was decided. Petitioner was sentenced in the summer of 2005, the time for filing a Section 2255 motion expired in the summer of 2006, and the *Watson* decision was not handed down until December 10, 2007.

As to the latter requirement for using Section 2241, the Supreme Court of the United States has dictated that "actual innocence" must mean "factual innocence." *Bousley*, 523 U.S. at 623. The District Court having Section 2241 jurisdiction must focus on the actual innocence showing which the prisoner has made. Allegations are not enough. Evidence is necessary to show real innocence.

In both the *Massey* and *Thompson* cases, although the Sixth Circuit found that the first component was not met, the Sixth Circuit went on to examine the second component nonetheless, writing as follows about the necessary showing to establish actual innocence:

> . . . In the context of this case, where a petitioner is seeking to have a federal court invoke jurisdiction over claims that are normally beyond the pale of its authority to review, a petitioner should submit documentary evidence of his actual innocence beyond his mere allegations. *See, e.g., Bousley*, 118 S.Ct. at 1612 n. 3 (courts will likely review **transcripts of guilty pleas** containing proffers under Fed.R.Crim.P. 11(f) & (g)); . . . *see also Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable **evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence**-that was not presented at trial"). Massey's bare allegations of actual innocence as to the one charge to which he pleaded guilty are not facially adequate to invoke exceptional review of his conviction under § 2241.

*Massey*, 2000 WL 571918 at *2 (bold added).  *See also Thompson*, 2000 WL 571952 at *2 (same);

*Luster v. United States*, 168 F.3d 913, 915-16 (court reviews **sentencing transcript** and **PSI report**

to review claim of actual innocence).

Lowe's record in the instant case contains only the information, containing one drug and one

firearms charge, and the plea agreement, as to both counts.  There is no record showing that the

government abandoned any other charges in negotiating the plea agreement.  Transcripts of the plea

hearing show that the Petitioner admitted to taking firearms in payment for drugs.  While it is

tempting to wade into the evidence, including the two exhibits under seal, in order to decide the

merits, if any, of the *Watson* claim in this case, the Court chooses not to do so for practical reasons.

In an earlier opinion, *Belcher v. Dewalt,* 2008 WL 4280137 (E.D.Ky. 2008) (not reported),[2]

this Court addressed similar claim.  A jury in the Southern District of West Virginia had convicted

Petitioner Belcher of several drug crimes and one count of "use" of a firearm in relation thereto.

Having finished service of his concurrent 54-month sentences for the drug offenses, Belcher was

serving a 360-month consecutive sentence for the use of a firearm during his drug trafficking.  The

firearm conviction was based on receiving the firearm in exchange for drugs.  After *Watson* was

decided, Belcher brought  a §2241 proceeding here.  The Court found that the pre-conditions for

using the "savings clause" of Section 2255 had been sufficiently alleged for the Court to order a

Response within 20 days.

Although poised to do so, this Court did not, however, decide *Belcher*.  Only days after entry

of the Order requiring the warden to respond, the trial court vacated the Petitioner's Section 924(c)

_____

[2] In this Court, the case was *Belcher v. Dewalt*, No. 08-CV-216-KKC, and the Opinion was Docket Entry 23, issued September 15, 2008.

conviction. That court explained that Petitioner had filed a Motion to Reopen his Case, which was re-docketed as a Section 2255 Motion and which was filed within a year of the *Watson* decision. In Response, the government agreed that the firearms conviction should be set aside, but contended that Defendant Belcher should be resentenced on the remaining counts of conviction. On the ground that he had already served in excess of the guidelines on the other charges and for practical reasons, the Court refused to resentence Belcher. It vacated the firearm conviction, sentence, and supervised release, and ordered him released forthwith. This Court then dismissed its 2241 action as moot.

As to the *Collins* case, which the Petitioner has described as presenting circumstances identical to his but which the Respondent has distinguished on the basis that Collins had a jury verdict, this Court has read that record in the United States District Court for the Southern District of West Virginia. The different origins of the conviction notwithstanding, in Collins' Section 2241 proceeding, the petitioner argued, as has the instant Petitioner herein, that his Section 2255 remedy was inadequate and ineffective because the one-year statute for bringing such motions had run; and he was actually innocent of the Section 924(c) crime of which he was convicted, under *Watson*, because his "use" of a firearm was merely to receive it as payment for drugs. However, unlike the instant case, the warden's Response was to agree that the petitioner was entitled to the relief sought. The Court granted Collins' Petition and directed release of the prisoner in three days.

The instant Petitioner's warden, however, opposes the Petition herein. And in *Collins*, the Section 2255 and the Section 2241 courts were the same, *i.e.*, the United States District Court for the Southern District of West Virginia at Charleston. The situation presented here is very different because the Section 2255 Court/court of conviction is the Southern District of West Virginia, but the Section 2241 Court is in a different district, *i.e.*, the Eastern District of Kentucky. Collins was

not "seeking to have a federal court invoke jurisdiction over claims that are normally beyond the pale of its authority to review," but Lowe is seeking just that. *Bousley*, 118 S.Ct. at 1612 n. 3).

Therefore, whether Collins' issues were resolved under its Section 2255 or Section 2241 jurisdiction, the Court did not have to be concerned about properly respecting a distant federal court's conviction. Also, since the parties in *Collins* agreed on the disposition, the District Court in the Southern District of West Virginia did not discuss the issues in its Order to release the Petitioner. Accordingly, this Court has little procedural guidance from the *Collins* decision, including an assessment of what the Petitioner produced to meet the actual innocence requirement.

Finally, this Court revisits the last of the cases mentioned in its earlier Order. In *Short v. Schultz*, 2008 WL 305594 (D.N.J. Jan. 28, 2008) (not reported), the Petitioner presented a Section 2241 Petition urging relief based on *Watson*, to the Court in the District of his confinement, New Jersey, in the Third Circuit. He sought to vacate his two Section 924(c) convictions obtained in the Western District of Virginia, which is in the Fourth Circuit.

Relying on one Third Circuit case which "opined" that if there is no other remedy in the district of the prisoner's conviction and sentencing, "the Court of Appeals for the Fourth Circuit would approve of the district court's exercise jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of *error coram nobis. In re Nwanze*, 242 F.3d 521, 526 (3rd Cir. 2001)." *Id.*, at *3. The New Jersey District Court continued its analysis as follows:

> In *Nwanze*, the Court of Appeals approved the transfer of a petition, in circumstances such as this, to the court of conviction pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). 242 F.3d at 525-26 and n. 2. The Court of Appeals took note of the fact that such a procedure would permit the sentencing court to determine whether it should resentence the defendant on the remaining counts of conviction, whereas the Court of Appeals had "some doubt" as to whether another court could resentence on

the remaining counts. Thus, transfer to the court of conviction in the Western District of Virginia seems most appropriate, in view of the multiple counts of conviction, and in light of that court's superior familiarity with the underlying conviction and sentence.

Finally, the Court held that the transfer should be without prejudice to a petitioner's reinstating his habeas corpus petition in the district of confinement if the court of conviction should deny him relief on jurisdictional grounds. *Id.* at 527.

Accordingly, this Court will follow the procedure approved in *Nwanze* and transfer this matter to the court of conviction.

*Short*, 2008 WL 305594, at *3. The Court transferred Short's Petition to the Western District of Virginia.

Upon the arrival of Short's Petition in the Western District of Virginia, that Court began, "The first question I must answer in the case is whether a habeas petition in this court is the proper method of raising Short's substantive claim that his 924(c) sentences are invalid." *Short v. Shultz*, 2008 WL 1984262 at *2 (W.D.Va. 2008) (not reported in F.Supp.2d). After a detailed examination of Title 28, United States Court, Section 2241, the court of conviction wrote,

The question of the proper location in which to file a § 2241 habeas petition, however, is "best understood as a question of personal jurisdiction or venue," because these procedural protections may be waived or forfeited by the respondent. *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring) (citing *Moore v. Olsen*, 368 F.3d 757, 759-60 (7th Cir.2004)). Subject-matter jurisdiction over § 2241 claims is vested in any federal district court, pursuant to 28 U.S.C.A. § 1331 (West 2006), because all such claims entail federal questions. *Moore*, 368 F.3d at 759; *see also Ex parte Endo*, 323 U.S. 283, 293 (1944) (finding that prisoner transferred from one district to another while habeas is pending need not refile in the new district). Thus, a respondent who is not located within the territory of the judicial district where the § 2241 case is pending may nevertheless choose to defend against the petition by foregoing objection to the forum court on the grounds of personal jurisdiction or venue. *Moore*, 368 F.3d at 759-60.

Following these principles, I find that this court may properly address Short's claims under § 2241. . . .

10

*Short*, 2008 WL 1984262 at *2 -3. After finding jurisdiction, the Court then went on to study the evidence against the petitioner with regard to the two § 924(c) charges. Short had been charged with "use," "carrying," or "possession" of a firearm in connection with a drug trafficking crime, as contrasted with *Watson*, whose conviction had been limited to the "use" of the firearm. The Court also studied the jury's instructions as to what these three terms mean and what other evidence was used at trial.

The West Virginia District Court then decided the matter on the merits. "Even after the *Watson* decision, Short's conduct did violate the statute under which he stands convicted and sentenced, and thus his continued confinement under the § 924(c) sentences" did not violate federal law so as to warrant relief under Section 2241. *Id.* at *5. That decision was affirmed. *Short v. Shultz*, 298 Fed.Appx. 246 (4th Cir. 2008) (unpublished), *cert. denied*, 129 S.Ct. 1376 (2009).

## CONCLUSION

This Court finds that the United States District Courts for the District of New Jersey and the Western District of Virginia have been persuasive in their analyses of jurisdiction. The parties' witnesses, documentary evidence, contents of the original record against Lowe, and the convenience of the court and witnesses having been considered, the Court will transfer the instant Section 2241 proceeding to the Southern District of West Virginia where Lowe was convicted and sentenced. As the original District Court did in *Short*, the transfer will be without prejudice to Lowe's reinstating his habeas corpus petition in the district of confinement if the court of conviction should deny him relief on jurisdictional grounds.

Accordingly, the Court being advised, it is **ORDERED** as follows:

1.      Respondent's Motion [Record No. 12] to Seal Attachments 3 and 4, which are attached to D.E. 11, is **GRANTED**.

2.      The Clerk of the Court shall **TRANSFER** Petitioner Lowe's 28 U.S.C. § 2241 habeas proceeding herein, including D.E. 11's sealed Exhibits 3 and 4, which are stored in the Office of the Clerk of this Court, Ashland Division, to the United States District Court for the Southern District of West Virginia.

3.      The transfer of the instant action from this Court will be **WITHOUT PREJUDICE** to Lowe's reinstating his habeas corpus petition here or in whatever is the current district of confinement, if the court of his conviction should deny him relief on jurisdictional grounds.

This September 18, 2009.

Signed By:

_Henry R Wilhoit Jr._

United States District Judge

12